IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CATHERYNNE PRYOR KENDRICK                                                          PLAINTIFF

V.                           NO.  5:07-CV-05030-JLH

LARRY NORRIS, Director                                                              DEFENDANT
Arkansas Department of Corrections


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for Report and Recommendation is the Petitioner's petition for Habeas Corpus pursuant to 28 U.S.C. Section 2241 filed February 21, 2007. (Doc.1)  The Defendant filed a Motion to Dismiss (Doc. 4) on March 9, 2007 and the Petitioner filed her Response (Doc. 6) on March 28, 2007.

### I.  Procedural History

On March 18, 2003, petitioner pleaded guilty under a plea agreement to Violation of the Arkansas Hot Check Law, a Class C felony, in the Circuit Court of Benton County, Arkansas. (CR 2002-480)  As a result of her plea she was placed on probation for three years.

On February 19, 2004, the prosecuting attorney of Benton County filed a petition to revoke petitioner's probation.  On May 5, 2004, following a revocation hearing, the Circuit Court of Benton County, Arkansas, found that petitioner had violated seven conditions of her probation and revoked her probation and sentenced her to confinement in the Arkansas Department of Correction for a period of ten (10) years.

On May 10, 2004, the Petitioner signed a suspended sentence contract in the Benton County case number **2003-393** which set forth the terms of the plea. On May 12, 2004, the Petitioner entered a plea of no contest to a violation of the Arkansas Hot Check law in case

number 2003-393 in Benton County, Arkansas (Doc. 6, p. 8) and Judgment was entered on May 19, 2004. The Petitioner received a sentence of 60 months in the Arkansas Department of Correction and 60 months of the sentence was suspended. The sentence was "concurrent with #02-480-1 and was to "commence upon release." (Doc. 6, p.26-28) The Petitioner was also sentenced to 185 days in jail and ordered to pay a $350.00 Public Defender fee and make restitution of $2,696.87 at $75/month beginning 120 days after release.

On June 4, 2004, petitioner entered a negotiated plea of guilty to Violation of the Arkansas Hot Check Law in the Circuit Court of Washington County, Arkansas. (Cr. 2003-1723-4)  As a result of her guilty plea, she was sentenced to 36 months incarceration, and 84 months suspended imposition of sentence.

On September 16, 2005, petitioner filed her first habeas corpus petition under 28 U.S.C. Section 2254 in the Western District of Arkansas, Fayetteville Division. (**Kendrick v. Norris, 5:5-cv-05161-JLH**) (Doc. 1)  The Petitioner listed all three convictions in her petition. (Doc.1, p. 1, line 1)  While the Petitioner did not list actual innocence as any of the grounds on her petition, she did list the fact that she was not guilty of the charges in her petition.  (Doc.1, p.1, line 6) On March 27, 2006, United States Magistrate Judge Beverly Stites Jones entered a Report and Recommendation that the petition be dismissed with prejudice because it was untimely. (Doc.16) The Magistrate Judge's Report and Recommendation stated that "**Kendrick challenges the revocation of probation by Judge Keith on the grounds (l ) she tried her best to comply with probation, this was her first violation, and she should have been given a second chance, (2) the State failed to file extradition papers or a governor's warrant which would allow her to be transported across state line, and ( 3) Judge Keith failed to direct that Kendrick be served with a warrant.**"

The Magistrate Judge found that the Petition was not timely filed and recommended that the petition be dismissed with prejudice. On April 13, 2006, Judge Jimm Larry Hendren entered an Order adopting the recommendation and dismissing the petition with prejudice. (Doc. 17)

Petitioner now brings this action under 28 U.S.C. Section 2241 and is contending her innocence to the original hot check charge that she pleaded to in May of 2004 in case number **2004-393** in Benton County. (Doc. 6, page 1)

Petitioner contends that she filed a Rule 37 Petition in the 2004-393 case on or about July 20, 2004. She states that she; 1) she did not have the checks in her possession as accused, 2) that the warrant was invalid, 3) no town or bank "by the name of Chasity Clark or Ark" and 4) that she was prosecuted six months after the warrant was served. She contends that the court denied this Rule 37 Petition on October 13, 2004. (Doc. 1, p.2) The Petitioner contends that she appealed this adverse ruling and that the appeal was denied on January 5, 2005. She states that the citation number is "040". (Doc. 1, p. 3)

The court has obtained a copy of the docket sheet from the Benton County Circuit Clerk for the case of State of Arkansas v. Cathrynne Whytefawn Kendrick, CR-2004-0393-02. The Petitioner did file a petition with the court on July 30, 2004 requesting alternative public service work. That request was denied by the judge on July 30, 2004. The Petitioner filed another request to run fines and costs concurrent with her other felonies and the court ruled that request was not timely filed on September 9, 2004. The Petitioner then requested again that her fines and court costs be concurrent with her other felony offenses and the court denied that request on October 8, 2004. The Petitioner then requested that she receive credit for time spent in custody. This "Motion for Credit for time Spent in Custody" was received in Judge Clinger's office on December 3, 2004. (5:05-cv-5161, Doc. 1, Exhibit 2, p.3-4)(Doc. 6 P.39) The State filed a

response to the petitioner's request and and that request was denied on January 5, 2005.  (Doc. 1, Exhibit  2, p.2)

The Court believes that this is the "appeal" that the Petitioner refers to in her petition. There is no record in the Arkansas Supreme Court or the Arkansas Court of Appeals of any appeal taken by the petitioner of Judge Clinger's ruling on January 5, 2005

## II Discussion

The  Petitioner has styled her habeas petition as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Because Petitioner is "in custody" pursuant a judgment of a state court, she can only obtain habeas relief through [28 U.S.C.] § 2254 , no matter how her pleadings are styled. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir.2001).

The State argues that Petitioner has not sought nor received permission to file this successive petition as required under 28 U.S.C. Section 2244(b)(3)(A), which provides:

> Before a second or a successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the  application.

AEDPA fails to define what constitutes a "second or successive" application. Courts considering the construction of § 2244(b) have uniformly rejected a literal reading. See United States v. Barrett, 178 F.3d 34, 43-44 (1st Cir.1999) (collecting cases), cert. denied, 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000). Instead, it is generally acknowledged that the interpretation of "second or successive" involves the application of pre-AEDPA abuse-of-the-writ principles. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (looking to pre-AEDPA law to determine that 2244(b) did not bar petitioner's request to reopen habeas claim raised in prior petition but dismissed by district court as premature)*; Muniz v.*

*United States*, 236 F.3d 122, 127 (2d Cir.2001) ("We therefore answer the question of whether a petition is 'second or successive' with reference to the equitable principles underlying the 'abuse of the writ' doctrine."); *United States v. Barrett*, 178 F.3d 34, 44 (1st Cir.1999) ("The core of AEDPA restrictions on second or successive § 2255 petitions is related to the longstanding judicial and statutory restrictions embodied in the form of res judicata known as the 'abuse of the writ' doctrine."), cert. denied, 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000); In re Cain, 137 F.3d 234, 235 (5th Cir.1998) ("[A] later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ."); Reeves v. Little, 120 F.3d 1136, 1139-40 (10th Cir.1997) (applying pre-AEDPA abuse-of-writ standard to determine whether subsequent 28 U.S.C. § 2254 petition was "second or successive" under AEDPA); Pratt v. United States, 129 F.3d 54, 59-60 (1st Cir.1997) (habeas motion ruled "second or successive" where petitioner's claims of ineffective assistance at trial could and should have been raised in prior petition and thus constituted abuse of writ under pre-AEDPA law).

The Petitioner did not present her claim of actual innocence in the first Habeas Petition. 28 U.S.C. 2244 states that:

(b) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B)
        (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but

>for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense

The Petitioner is now contending that she did not write the checks that constituted the basis of the plea on the Violation of the Arkansas Hot Check Law.  It is clear that the factual predicate for this claim could have been discovered previously through the exercise of due diligence.

The Court does not believe that petitioner's claim constitutes a successive petition under 28 U.S.C. 2244 (b)(1) because the claim is one of actual innocence and was not embraced in any of the issues raised in the prior Habeas petition.

The Court does believe that the Petitioner's claim constitutes a second or successive claim and is barred by 22 U.S.C. 2244 (b)(2) because the factual predicate for the claim was well known to the Petitioner at the time of plea.  It was actually referred to in the first Habeas petition, but was not made one of the specific grounds.

Even if the court were to believe that the petition is not barred by 28 U.S.C. Section 2244(b)(3)(A), the action is defective for the same reason the first petition was defective, because it is not timely and is barred by 28 U.S.C. 2244 (d)

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2244(d)(1). The time during which a "properly filed" application for state post conviction relief is pending tolls the limitation period, however. 28 U.S.C. § 2244(d)(2). Jackson v.  Ault, 452 F.3d 734,C.A.8 (Iowa),2006.

After entering her guilty pleas, Petitioner could not appeal her convictions. *Seibs v. State*, 357 Ark. 331, 333, 166 S.W.3d 16, 17 (2004); Ark. R. Cr. P. 24.3; Ark. R. App. P. - Cr. 1 Her judgment became final, therefore, on the day the judgment was entered. The Petitioner contends

that she did file a Rule 37 action on July 20, 2004 but the record is devoid of any such motion. The record does reflect that the Petitioner filed a "Motion for Credit for Time Spent in Custody" on December 3, 2004 (Doc.1, Exhibit 2, p.3) and that Judge Clinger denied that motion on January 5, 2005 for lack of jurisdiction. (Doc. 1, Exhibit 2, p.2)

Judgment was entered on May 19, 2004. The Petitioner received a sentence of 60 months in the Arkansas Department of Correction and 60 months of the sentence was suspended. (Doc. 6, p.26-28) The Petitioner had 90 days from May 19, 2004 to bring his claim under Rule 37. (Ark. R. Crim. P. 37.2©) No claim under Rule 37 was brought until December 3, 2004 and the court rightly denied the Motion on January 5, 2005. The Rule 37 petition did not serve to toll the limitations period as provided by 28 U.S.C. Section 2244(d)(2). A state post-conviction petition dismissed as untimely is not "properly filed" so as to toll the limitations period. *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006)

The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired. *Curtiss v. Mount Pleasant Corr. Facility,* 338 F.3d 851, 853 (8th Cir.2003)

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition "[i]neffective assistance of counsel generally does not warrant

equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002). The Petitioner has not asserted any such grounds as the basis for her failure to properly file the petition.

The Petitioner has asserted an actual innocence claim. An actual innocence claim is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo,* 513 U.S. 298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (quotation omitted). To establish a valid claim of actual innocence, Petitioner must "support his allegations of constitutional error with new reliable evidence ... that was not presented at trial," and demonstrate "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 324, 327, 115 S.Ct. 851. This standard is strict; a party generally cannot demonstrate actual innocence where there is sufficient evidence to support a conviction. *See Johnson v. United States,* 278 F.3d 839, 844 (8th Cir.2002) (quoting *McNeal v. United States,* 249 F.3d 747, 749-50 (8th Cir.2001)).

The sort of evidence that cannot be used for a *Schlup* gateway claim includes "evidence [that] could have been discovered earlier in the exercise of due diligence." *Cornell v. Nix,* 976 F.2d 376, 380 (8th Cir.1992) (en banc); *accord Meadows v. Delo,* 99 F.3d 280, 282 (8th Cir.1996).

*Schlup* allows a petitioner to raise a "gateway claim of actual innocence," *Amrine v. Bowersox,* 238 F.3d 1023, 1029 (8th Cir.2001), that, if established, will allow him to present otherwise procedurally defaulted claims to the federal habeas court. But the *Schlup* standard is quite high; the petitioner must come forward with new reliable evidence that was not available at trial, *id.,* and he must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup,* 513 U.S. at 327, 115 S.Ct. 851 (adopting the *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), standard).

It is clear that all of the Petitioner's claims are based upon facts that were readily available at the time of plea. Her contention that someone else actually wrote the checks could have been presented at trial had the Petitioner so elected.

### III. Conclusion

Based upon the forgoing the court finds that the claim, filed under 28 U.S.C. Section 2241, is barred under 28 U.S.C. Section 2244(b)(3)(A) for failure to obtain permission from the Court of Appeals for the filing of the Petition and that it is also barred by the limitations set forth in 28 U.S.C. 2244 (d) and should be be dismissed with prejudice.

**The Petitioner shall have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 30th day of April 2007

/s/ J. Marschewski
James R. Marschewski
United States Magistrate Judge